**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAMRAN DURHAM,

        Plaintiff-Appellant,

v.

MCDONALD'S RESTAURANTS OF
OKLAHOMA, INC., an Oklahoma
corporation,

        Defendant-Appellee.

No. 08-5135
(D.C. No. 4:07-CV-00273-JHP-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

Camran Durham filed suit against his former employer, McDonald's

Restaurants of Oklahoma, Inc., for discrimination, hostile work environment, and

constructive discharge under Subchapter I of the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12101-12117. The district court granted summary judgment

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to McDonald's. The court held that Mr. Durham's conditions did not qualify as disabilities under the ADA because they were controlled with medication and thus did not substantially limit a major life activity. The court also held that he could not show that McDonald's perceived or treated him as disabled within the meaning of the ADA and he failed to demonstrate sufficiently severe conditions to constitute a hostile work environment (or, implicitly, a constructive discharge).

In his opening brief, Mr. Durham raises only one issue, contending that the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553, should apply to this case.[1] He argues that the district court erred in finding him not disabled, because the ADAAA specifies that the existence of a disability does not depend on corrective measures such as medication.

But we need not decide this issue. Even if we were to hold that the ADAAA applies and the district court erred in finding Mr. Durham not disabled, the district court's other rulings are dispositive of his claims.[2] *See Zwygart v. Bd. of County Comm'rs*, 483 F.3d 1086, 1090 (10th Cir. 2007) (noting that the three

---

[1]     Mr. Durham's opening brief also sets forth various facts, which, in his reply brief, he contends create genuine issues of fact that preclude summary judgment. But listing facts in the opening brief, without articulating an argument concerning them until the reply brief, does not preserve an argument for appeal.

[2]     While we do not reach the issue, we note that other courts consistently have held that the ADAAA does not apply to conduct occurring before its enactment. *See, e.g., EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009); *Moran v. Premier Educ. Group, LP*, __ F. Supp. 2d __, 2009 WL 507505, at *7 (D. Conn. 2009) (collecting cases).

elements of an ADA prima facie case include a showing that discrimination was "because of" a disability); *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005) ("For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." (alteration in original, quotation omitted)); *id.* at 1281 ("Constructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no other choice but to quit.").
Mr. Durham's failure to raise any other issues in his opening brief results in a waiver of any challenges to the remaining rulings. *See Becker v. Kroll*, 494 F.3d 904, 913 n. 6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

Because the district court's remaining rulings are dispositive of Mr. Durham's claims and he has waived any challenges to those rulings, the judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge


-3-